**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS,**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ELKA VARGAS-RODRIGUEZ** *Plaintiff,* | § § § | |
| **v.** | § § | **CIVIL ACTION NO.5:21-cv-604** **JURY DEMANDED** |
| **AA CARE SERVICES, LLC** *Defendant.* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES Plaintiff **ELKA VARGAS-RODRIGUEZ,** and files this Plaintiff's Original Complaint and Jury Demand, complaining of **AA CARE SERVCIES, LLC**, hereinafter referred to as "Defendant" or "AA," and would respectfully show the Court as follows:

## I. PARTIES

1. Plaintiff, **ELKA VARGAS-RODRIGUEZ**, is a natural person who resides in San Antonio, Texas.

2. Defendant **AA CARE SERVICES, LLC** , is a Texas Limited Liability Company doing business in San Antonio, Texas, which is in the Western District of Texas, San Antonio Division. Defendant may be served by serving its registered agent, Helen Trowsdale 1710 Portage Path, San Antonio, TX 78232. A request for waiver of summons will first be issued.

## II. VENUE

3. Plaintiff's claims arise under federal statute. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law, Title VII of the Civil Rights

Act of 1964, as amended, codified under Title 42 U.S.C. Section 2000e *et. Seq*.

4. This Court has jurisdiction to hear the merits of Plaintiff's claims due to the federal question raised pursuant to the federal statutes cited above.

5. Venue is proper in the Western District of Texas, San Antonio Division under 42 U.S.C. 2000-e(5)(3), because this is the district where the unlawful employment practices complained of were committed, and where the employment records relevant to that practice are maintained.

6. As of the time of filing, damages are within the jurisdictional limits of the court.

## III.
## JURY DEMAND

7. Plaintiff hereby tenders payment for and demands trial by jury

## IV.
## MISNOMER / MISIDENTIFICATION

8. In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## V.
## BACKGROUND FACTS

9. Plaintiff Elka Vargas-Rodriguez was hired by Defendant AA Care Services on or about November 7, 2019.

10. Vargas-Rodriguez's job was to recruit in-home medical providers for private care clients.

11. On November 8, 2019, Vargas-Rodriguez met with Jennifer Dermont, Defendant's Executive Administrator. Dermont told Vargas-Rodriguez not to hire anyone who was overweight, had dark skin, or who had an accent.

12. Dermont further told Vargas-Rodriguez that if a client had the term CODED listed in AA's system, that meant no dark skinned, overweight, or accented caregivers should be considered for the position.

13. On or about November 11, 2019, Dermont asked Vargas-Rodriguez if there was a way to tell if the applicants she was considering were overweight, had an accent or were dark skinned.

14. From November 11 to 15, Vargas-Rodriguez recruited several qualified candidates but was told that several of them could not be hired because they were either too dark-skinned or were overweight. When she asked what she was supposed to tell these candidates she was told to tell them that there were no open positions.

15. On or about November 13, 2019, Vargas-Rodriguez complied to HR and the Q&A Officer that she was being told to discriminate against hires based on race or color.

16. On November 17, 2019, Holder sent an email telling Vargas-Rodriguez that they "desperately needed" caregivers hired and told her they needed to be "coded," meaning the candidates could not be dark skinned, overweight or have an accent. The hiring notices also stated "female preferred. "

17. On November 21, 2019, Vargas-Rodriguez informed Karen that she was going to the hospital to seek medical attention for her injury. She also informed her that when she texted Helen that Helen responded "how old are you?"

18. Vargas-Rodriguez reminded Karen in HR to address the hiring discrimination with Helen. Karen responded and told Vargas-Rodriguez that she hoped her back "isn't too serious."

19. The next day, November 22, 2019, Plaintiff was terminated by Defendant.

20. There being no legitimate reason otherwise, Plaintiff contends that she was terminated in retaliation for reporting her complaints about racial and color discrimination, in violation of Title VII.

## VI.
## DISCRIMINATION, HARASSMENT AND RETALIATION BASED ON COMPLAINTS OF AND OPPOSITION TO RACE AND COLOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21. Prior to her termination, Plaintiff faithfully served Defendant in her capacity as employee and faithfully performed all duties expected of her. The acts committed by the agents, servants and/or employees of the Defendant in retaliating against and wrongfully terminating Plaintiff based on her complaints of and opposition to employment practices that discriminated based on race and color all constitute violations of Title VII of the Civil Rights Act of 1964. Plaintiff herself became a victim of discrimination, harassment and retaliation for complaining of and opposing unlawful employment practices.

22. As a result of Defendant's discrimination and unlawful retaliatory actions, the Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, past and future, and lost employment benefits.

## VII.
## RESPONDEAT SUPERIOR

23. Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant company and were at all times acting in the

course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## VIII.
## DAMAGES

24. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;

b. Back pay from the date that Plaintiff was terminated and interest on the back pay in an amount sufficient to compensate Plaintiff as the Court deems equitable;

c. Pecuniary losses;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Expert fees as the Court deems appropriate;

f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g. Pre and Post judgment interest as allowed by law and punitive damages;

h. Mental anguish in the past;

i. Mental anguish in the future; and

j. Loss of benefits, promotional opportunities, and job status.

Plaintiff demands a trial by jury to determine her claims and damages herein.

## IX.
## ADMINISTRATIVE FILINGS

25. Plaintiff filed her Charge of Discrimination with the EEOC. Thereafter, Plaintiff received a notice of suit rights from the EEOC, giving Plaintiff notice of her right to sue Defendant within 90 days of its receipt. Plaintiff timely files her lawsuit.

## X
## ATTORNEY FEES

26. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees authorized under Title VII in this case which would include at least the following:

a. Preparation and trial of the claim, in an amount the jury deems reasonable;
b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable; and
c. An appeal to the Court of Appeals, in an amount the jury deems reasonable; and
d. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a final hearing hereof, a judgment be rendered for Plaintiff for damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, and both post and prejudgment interest as allowed by law, attorneys' fees and for such other and further relief to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

**BY: *<u>/s/ Alan Braun</u>***

**ADAM PONCIO**
**STATE BAR NO. 16109800**
**salaw@msn.com**
**ALAN BRAUN**
**STATE BAR NO. 24054488**
**abraun@ponciolw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:(210) 212-7979**
**Facsimile:(210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**